JONATHAN M. KAUFMAN, ESQ. (California State Bar No. 104576)
The Law Offices Of Jonathan M. Kaufman
220 Montgomery Street, Suite 976
San Francisco, CA 94104
Telephone: (415) 956-4765
Facsimile: (415) 956-1664
E-Mail:   jonathan-kaufman@sbcglobal.net

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BENJAMIN MEDINA-MONTOYA, et al., | Case No. C 07-5119 MMC |
| Plaintiff, | PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES |
| vs. | |
| ROSEMARY MELVILLE, District Director, United States Citizenship and Immigration Services, | |
| Defendant. | |

## I. NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION

Notice is hereby given that on December 7, 2007 at 9:00 a.m. or as soon thereafter as the matter can be heard in the Courtroom of the Honorable Maxine M. Chesney, located at 450 Golden Gate Avenue, San Francisco, California, Courtroom 7, plaintiffs will move the Court for a preliminary injunction requiring defendant, the District Director the United States Citizenship and Immigration Services (USCIS), to adjudicate plaintiffs' visa petition and applications for adjustment of status.

This motion will be based upon this motion, the following memorandum of points and authorities, as well as all other pleadings on file herein, and on such further discussion and argument as the Court may hear on the matter.

## II. FACTS

Plaintiffs Benjamin Medina-Montoya and Violeta Estrada-Rojas are husband and wife. Violeta Estrada-Rojas is a citizen of the United States and Benjamin Medina-Montoya is a citizen of Mexico.

Benjamin Medina-Montoya is the beneficiary of an approved immediate relative petition filed on his behalf by Violeta Estrada-Rojas. See, Complaint, Exhibit A.

On September 29, 2005 Benjamin Medina-Montoya applied for adjustment of status and on April 4, 2006 plaintiffs were interviewed by an immigration officer at the USCIS' San Jose, California office. *See*, Complaint, Exhibit B. The USCIS has not adjudicated Benjamin Medina-Montoya's application. Plaintiffs have brought this action to compel the USCIS to take action on their immigration case.

## III. STATUTORY AUTHORITY

8 U.S.C. §1154(a)(1)(A)(i) vests defendant with the authority to accord immediate relative status under 8 U.S.C. §1151(b)(2)(A)(i) to the alien spouse of a United States citizen. To accord immediate relative status a United States citizen is required to file a petition on a Form I-130 with the USCIS in accordance with the provisions of 8 C.F.R. §204.1.

8 U.S.C. §§1255(i) vests defendant with discretion to adjust an alien's status to that of an alien lawfully admitted for permanent residence. To apply for adjustment of status an alien is required to file an application on Form I-485 in accordance with the provisions of 8 C.F.R. §245.2 and 8 C.F.R. §245.10.

28 U.S.C. §1331 vests the Court with subject matter jurisdiction over plaintiffs' complaint.

28 U.S.C. §1361 provides that district courts have original jurisdiction of any action in the nature of mandamus to compel an agency to perform a duty owed to a plaintiff. 5 U.S.C.§706(1) vests the court with the authority to compel agency action unlawfully withheld or unreasonably delayed.

## IV. PLAINTIFFS HAVE EXHAUSTED THEIR ADMINISTRATIVE REMEDIES

2

There is no provision made for administrative review of the USCIS' alleged unlawful activity. Plaintiffs have exhausted their administrative remedies.

## VI. DEFENDANT HAS FAILED TO DISCHARGE HIS DUTY

28 U.S.C. §1361 vests the Court with discretion to grant mandamus relief if (1) plaintiffs' claim is clear and certain; (2) the duty of the INS is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. *Fallini v Hodel*, 783 1343, 1345 (9th Cir.1985).

Mandamus relief is appropriate in plaintiffs' case. Plaintiffs' claim is clear and certain and the USCIS' duty to adjudicate their petition and application so plainly prescribed as to be free from doubt.

The visa petition Violeta Estrada-Rojas filed on behalf of Benjamin Medina-Montoya has been approved. Benjamin Medina-Montoya's application was properly filed. Plaintiffs appeared for an interview as required and have responded to all evidence requests received from the USCIS.

While plaintiffs concede that no statute or regulation establishes an exact period of time in which the USCIS must act, time parameters do exist. 5 U.S.C. §555(b) dictates that the USCIS must proceed to conclude action on plaintiffs' petition and application within "a reasonable time". Congressional intent to compel agency action wrongfully withheld is manifested in the provisions of 5 U.S.C. §706(1) which vest the Court with authority to compel agency action unlawfully withheld or unreasonably delayed.

In plaintiffs' case "a reasonable time" can be ascertained from the USCIS' own records. The agency's processing dates are made available to the public on its internet web site. According to USCIS records, the USCIS office in San Jose, California is now adjudicating applications for adjustment of status filed within six months of September 15, 2007. Plaintiffs' case has been pending more eighteen months beyond the current processing date. See, attached Exhibit A.

The USCIS has had ample opportunity to conduct whatever investigation it deemed appropriate. The time for investigation has ended. It is respectfully submitted that the USCIS should now be enjoined to act. The USCIS should be enjoined to complete its adjudication of the application for adjustment of status filed by Benjamin Medina-Montoya.

### VII. IRREPARABLE INJURY AND THE NEED FOR INJUNCTIVE RELIEF

In the Ninth Circuit the tests for determining the propriety of issuing a preliminary injunction are whether the moving party has demonstrated either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. *Martin v Int'l Olympic Comm.*, 740 F.2d 670, 674-675 (9th Cir. 1984).

Plaintiffs' probability of success is substantial. There is no indication that plaintiffs are not eligible for the immigration benefits they seek. The visa petition filed by Violeta Estrada-Rojas has been approved. In the more than two years since Benjamin Medina-Montoya's application for adjustment of status was filed the USCIS has not asserted that plaintiff's application was not filed in the manner prescribed by agency regulation.

The probability that plaintiffs will sustain irreparable injury if the USCIS is not enjoined to act is substantial.

The uncertainty plaintiffs suffer in not knowing if they will be permitted to live together legally in the United States has already exacted an emotional toll and is substantial.

Because plaintiff Benjamin Medina-Montoya is not lawfully admitted for permanent residence he must apply annually to work legally in the United States. The filing fee for an application for employment authorization is $340.00. 8 C.F.R. §103.7(b)(1).

Because plaintiff is not lawfully admitted for permanent residence he may not depart the United States without suffering adverse legal consequences. A departure without advance permission from the USICS would constitute an automatic withdrawal of his application. 8 C.F.R. §245.2(a)(4). To obtain permission to travel, plaintiffs must file an application for an advance parole. The decision

4

to grant parole is discretionary, and the application requires the payment of a $305.00 filing fee. 8 C.F.R. §§212.5, 103.7(b)(1).

Even if granted an advance parole, a departure from the United States would render plaintiff inadmissible to the United States for ten years because he accrued more than one year of unlawful presence in the United States before her application was filed. 8 U.S.C. §1182(a)(9)(B).

Although plaintiff could apply for a waiver, it is a legal standard he is not required to satisfy now. 8 U.S.C. §1182(a)(9)(B)(v). Moreover, an application for a waiver requires payment of a $545.00 filing fee.

Plaintiffs have been diligent in their efforts to obtain permanent residence. They have appeared as required by the USCIS and have been interviewed. They have submitted the evidence the USCIS has required. It has been more than two years since their application was filed, and more than one and one-half years since their interview. The USCIS has failed to adjudicate the case.

The balance of hardships unquestionably tips in plaintiffs' favor. The USCIS suffers no hardship in discharging its legal duty. In contrast, as described above, plaintiffs suffer multiple hardships because their case has not been adjudicated.

## VIII. CONCLUSION

Based upon the foregoing it is respectfully submitted that the motion for a preliminary injunction should be granted and the USCIS enjoined to adjudicate plaintiff Benjamin Medina-Montoya's application for adjustment of status.

Dated: October 12, 2007

Respectfully submitted,

JONATHAN M. KAUFMAN
Attorney for Plaintiffs

5

# EXHIBIT A



Home   Contact Us   Site Map   FAQ

Search 

Advanced Search

Services & Benefits | Immigration Forms | Laws & Regulations | About USCIS | Education & Resource | Press Room

[Print This Page]   [Back]

# U.S. Citizenship and Immigration Services
## San Jose CA Processing Dates
## Posted September 15, 2007

**Notice**: U.S. Citizenship and Immigration Services (USCIS) has improved the reporting procedure for processing times of immigration benefit applications. In the past, USCIS benefit processing reports indicated the specific type of applications or petitions that were being processed and the date the cases were received. However, the date the case was received did not provide a clear indication of when USCIS expected to complete the case, nor did it provide a clear indication of USCIS' commitment to process cases within a certain cycle time. It also did not align with the processing times and cycle times the agency reports in other contexts.

This improved reporting procedure is an effort to give our customers more accurate information that better reflects current processing time and USCIS service level commitments. Effective immediately, when we are completing applications and petitions within our service level goals we will report the USCIS service level commitment. For example, when our service level goal is to process a particular kind of case within six months, and if our processing time is six months or less, we will show "6 months".

When we are not meeting our service level goal, the date posted will reflect the filing date of cases that are being completed. It should be noted that while in some instances reported processing dates may appear to have regressed due to this change, they do not reflect a lengthening of USCIS processing times, but simply the change in reporting. Our goal is to provide accurate projections and thus give customers clear expectations as to what they can expect as a processing time.

**There are several important exceptions to the processing times shown below:**

- Case processing will be delayed if we must ask you for more evidence or information.
  If we ask for missing required initial evidence, count the processing time from when we receive that missing evidence.
- The case processing timeframe will start over if a customer doesn't appear for an interview or asks that it be rescheduled.

**What if I have a problem or have questions about a case?**

We offer a variety of services after you file. For example, for most kinds of cases you can check the status of your case online.

For more information about when and how to contact us, whether your case is outside our processing time or if there are other issues, please see our fact sheet –

Case Services - How do I... know what kind of services are available to me after I file my application or petition?

One additional point about these projections. They are the time to complete processing and mail the actual notice and/or document. If you check case status online and see that your case has been approved, and you haven't yet received your approval notice or document in the mail, we ask that you wait thirty days from the approval date before contacting us. That is because it may take that long before it is returned to us as undeliverable. You can also print the case status online answer for your records.

District Office Processing Dates for **San Jose CA** Posted September 15, 2007

| Form | Form Name | Processing Timeframe: |
|---|---|---|
| I-131 | Application for Travel Documents | 3 Months |
| I-485 | Application to Register Permanent Residence or Adjust Status | 6 Months |
| I-600 | Petition to Classify Orphan as an Immediate Relative | 3 Months |
| I-600A | Application for Advance Processing of Orphan Petition | 3 Months |
| I-765 | Application for Employment Authorization | 11 Weeks |
| N-400 | Application for Naturalization | January 12, 2007 |
| N-600 | Application for Certification of Citizenship | March 18, 2007 |

[ Print This Page ]   [ Back ]

10-08-2007 05:04 PM EDT

Home   Contact Us   Privacy Policy   Website Policies   NoFEAR   Freedom Of Information Act   FirstGov

U.S. Department of Homeland Security